*I. Sumner,* for the defendants.
*J. D. Colt,* for the plaintiff.

## SILAS SAGE *vs.* JAMES MCALPIN.

To prove that the 24th day of a certain month was a reasonable time in which to perform a certain contract, the record of a former judgment between the same parties establishing that the 22d day of the same month was within a reasonable time is not competent evidence.

MERRICK, J.  This action is brought to recover damages for injury to the plaintiff's land in cutting and carrying away therefrom certain wood and timber on the 24th day of January, 1851.  The defendant admitted that he had done the several acts complained of, but claimed, and rested his defence upon the ground, that he had a right to do so under a license from the plaintiff contained in a written memorandum dated the 10th day of the same month.  By the terms of this memorandum, he was authorized and licensed to cut and carry away the wood and timber within a reasonable time from its date. And the precise question in controversy between the parties upon the trial of this action was, whether the wood and timber was cut and carried away within such reasonable time.

For the purpose of showing, and as having a tendency to show that it was, the defendant produced and was allowed to

give in evidence upon the trial, the record of a judgment rendered in a suit which the plaintiff had previously commenced and prosecuted against him. From this record it appears, that that action was brought to recover damages for cutting and carrying away wood and timber from the premises on the 22d day of the same month of January before mentioned—that the defendant justified under the license aforesaid—and that a verdict was returned and a judgment afterwards rendered thereon in his behalf. The defendant contends that this was a judicial decision, that the 22d day of January was comprehended in the reasonable time within which he had a right to cut and carry away the wood and timber from the plaintiff's land.

But if it be admitted that this conclusion or assumption of the defendant is correct, it does not follow that he had a right to avail himself of it as evidence on the trial of the present action. The record of a judgment in a former suit is not always competent evidence on the trial of a subsequent action between the same parties; but is so only when the point in issue is the same in both, or when some question raised and to be passed upon in the last has already arisen and been determined in the first. *Eastman* v. *Cooper*, 15 Pick. 276. Upon this principle, the record produced by the defendant ought not to have been permitted to be given in evidence, because upon examination it appears that the facts in controversy on the trial of the two actions were not the same, nor was the point in issue identical in both. Did a reasonable time extend to and include the 22d of January, was the only question which arose or was determined in the first, but in the second, the inquiry and point in issue was, if it extended two days further, and included also the twenty-fourth. It was a question of fact to be ascertained and determined in each case from all the evidence produced and all the circumstances disclosed at the respective trials. Though it is impossible to fix the limits of a reasonable time by an exact definition, it is certainly distinguishable from that which is unreasonable, and there must be some point or line of division and separation between them. A determination, therefore, that the 22d of

January was within the limits of the former, is perfectly consistent with the assertion that the enlarged period which includes the 24th falls on the other side of the line and is comprehended in the latter. *New trial granted.*

G. N. Briggs, for the plaintiff.

I. Sumner & C. N. Emerson, for the defendant.